**FILED**
**Feb 19, 2020**
**01:17 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **ESTATE OF CLARENCE TURNAGE,** | ) | **Docket No.: 2017-05-0963** |
| Employee, | ) | |
| And | ) | |
| **EJT, NRT, and SMT,** | ) | **State File No.: 58603-2017** |
| Employee's minor | ) | |
| children, | ) | |
| **v.** | ) | |
| **DOLE REFRIGERATING CO., INC.,** | ) | **Judge Dale Tipps** |
| Employer. | ) | |

---

### COMPENSATION HEARING ORDER

---

This case came before the Court on Motions for Attorney Fees and Expenses filed by the guardians ad litem on February 10 and 12, 2020. For the reasons below, the Court grants the motions and awards the requested attorney fees and expenses.

### Factual and Procedural History

Dole Refrigeration filed a petition for benefit determination and a motion for the appointment of a guardian ad litem for the deceased employee's minor children. This Court appointed Steven Waldron in September 2017 to serve as guardian ad litem for EJT, NRT, and SMT. Upon Mr. Waldron's motion, the Court relieved him of his duties as guardian ad litem for EJT and appointed Richard Matthews to serve in that role in November.

The Court held a Compensation Hearing on January 17, 2019, and ordered Dole to pay EJT death benefits. It also determined that NRT and SMT were not entitled to benefits, a determination that NRT and SMT appealed to the Tennessee Supreme Court. Both guardians ad litem filed motions for fees, but the Court denied those motions pending resolution of the appeal.

1

On January 3, 2020, the Special Workers Compensation Appeals Panel issued an opinion[1] affirming the Court's judgment and awarded EJT's request for attorney fees on the appeal. The panel remanded the case for "a determination of the amount of attorney fees on appeal to be awarded to the guardian ad litem for EJT, together with a determination of what, if any, fees are to be awarded to the guardians ad litem for EJT and for NRT and SMT for the prior proceedings in that court."

Both guardians ad litem filed motions for fees and expenses, and Dole filed a response to each. Dole stipulated that the guardians are entitled to a reasonable fee under Tennessee Code Annotated section 50-6-238, and it did not dispute the number of hours spent on the case set out in their affidavits. Dole contended, however, that the $300.00 hourly rate claimed by each guardian is unreasonable and in excess of the customary amount for similar matters. It argued that this case did not involve complex legal issues and noted that its defense firm charged $160.00 per hour.

Regarding the expenses, Dole contended that, except for the court reporter fees, the expenses requested by the guardians are not recoverable under Rule 54.04(2) of the Tennessee Rules of Civil Procedure.

## Law and Analysis

The Workers' Compensation Law broadly defines the duties of guardians ad litem as "to advocate for the best interests of a child and to ensure that the child's concerns and preferences are effectively advocated." Tenn. Code Ann. § 50-6-238(a)(4) (2019). This same provision authorizes this Court to award a "reasonable fee" to be paid by the employer. Ultimately, the reasonableness of an attorney's fee depends on the particular circumstances of the individual case, as considered in light of the relevant guidelines. *White v. McBride*, 937 S.W.2d 796, 800 (Tenn. 1996). "The amount of time expended, and the hourly rate commonly charged by attorneys for doing similar work in the community, while important, are not the only, or even the controlling, factors to be considered." *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank and Trust Co.*, 703 S.W.2d 133, 136 (Tenn. 1986).

Applying these considerations, the Court recognizes that the guardians' work required legal research and investigation, depositions, trial preparation, briefing, and court appearances. These tasks were all integral to advocating for the minors' best interests. The Court therefore agrees with Dole that the hours submitted by the guardians were a reasonable amount of time to accomplish all these tasks.

Regarding the hourly rate, however, the Court does not agree that the case was as simple as Dole suggests. The difficulties raised by the unusual facts of this case are

---

[1] The Panel filed its Judgement Order on February 12.

2

reflected by parties' inability to negotiate a settlement on an undisputed death claim. These facts include Mr. Turnage's relinquishment of his parental rights over NRT and SMT, his mother's adoption of those children, and his continued involvement in their lives, including keeping the children with him for part of most years and providing some measure of financial support. In spite of the relative novelty of these issues, both guardians provided detailed and helpful legal analysis. The Court therefore finds that they demonstrated the requisite skill to deal with difficult and novel issues and to properly perform their legal services.

As to the "fee customarily charged in the locality for similar legal services," the Court cannot find that a $300.00 hourly rate is facially unreasonable. Absent this finding, the Court turns to the guardians' affidavits. Mr. Matthews stated in his affidavit that his regular hourly rate for ordinary matters is $300.00 and that he has consulted other attorneys in the community to determine that this rate is reasonable. This affidavit constitutes a statement under oath, and Dole has presented no opposing affidavit or other proof to counter the assertions in the affidavit. Even if the Court were to consider Dole's argument that it pays its attorney $160.00 per hour, it does not necessarily follow that $160.00 is the maximum community standard or that $300.00 is unreasonable. In the absence of any proof that the guardians' rate exceeds the customary fees charged in the locality, the Court finds the requests reasonable.

Regarding the requested expenses, Dole's reliance on Rule 54.04(2) is misplaced. That rule provides for discretionary costs payable to "the prevailing party," which is not the situation before the Court. Instead, the authority to order payment of fees in this case derives from section 50-6-238(a)(4), which provides, "The court shall have the authority to award a reasonable fee for the services provided by the guardian ad litem, which shall be paid by the employer." The same section also specifies that the Court's authority to appoint a guardian ad litem should be "consistent with § 37-1-149 and Tennessee Supreme Court Rule 40."

Section 37-1-149 does not address attorney fees or costs, although the subsequent section 37-1-150 states that "the supreme court shall prescribe by rule the nature of the expense for which compensation may be allowed." Supreme Court Rule 40 is specifically limited to juvenile court neglect, abuse, and dependency hearings, and it does not address attorney fees. Rule 40A(11)(a), which applies to custody hearings, provides, "the guardian ad litem shall be compensated for fees *and expenses* in an amount the court determines is reasonable." (Emphasis added.) Therefore, "consistent with . . . Tennessee Supreme Court Rule 40," this Court has the authority to order payment of expenses as long as they are reasonable.[2]

---

[2] This interpretation also promotes section 50-6-238(a)(4)'s stated purpose: to advocate for the best interests of a child. Failing to reimburse expenses could serve as a disincentive to serve as a guardian ad litem and reduce the number of qualified attorneys willing to do so.

The Court has already found that the guardian's activities were all integral to advocating for the minors' best interests. Similarly, the Court finds that the expenses requested are reasonable, as the affidavits show they were necessary to effect the guardians' advocacy.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Attorney Fee Motions are granted. Dole Refrigerating Company, Inc., shall pay Richard Matthews $21,091.93 for attorney fees and expenses incurred at trial and on appeal. Dole shall also pay Steven Waldron $13,698.00 for attorney fees and expenses incurred in the trial of this case.

2. Absent an appeal, this Order shall become final in thirty days.

**ENTERED February 19, 2020.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 19, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Connor Sestak, attorney for Dole Refrigerating Co., Inc. | | | X | csestak@morganaikins.com |
| David Goodman, attorney for Megan Black | | | X | dgoodman@forthepeople.com |
| R. Steven Waldron, guardian ad litem for NRT and SMT | | | X | arlenesmith@comcast.net |
| Richard Matthews, guardian ad litem for EJT | | | X | Rmatthews95@aol.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*